# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

476
CA 11-00335
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIAM JOHNSON, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (AILEEN M. MCNAMARA OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 28, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Mental Hygiene Law article 10, respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST) and committing him to a secure treatment facility (*see* § 10.11 [d] [1], [4]). We reject respondent's contention that he was denied due process when Supreme Court denied his request for an independent psychiatric evaluation. An indigent respondent in a civil commitment proceeding does not have an absolute right to an independent psychiatric evaluation (*see Goetz v Crosson*, 967 F2d 29, 36-37). Instead, a right to present the testimony of an independent psychiatrist arises only where "such testimony is necessary to a reliable assessment" of an indigent respondent's mental condition (*id.*). Here, the court did not abuse its discretion in denying respondent's request for an independent psychiatric evaluation, which was made during the trial after petitioner had rested and respondent had called two witnesses. We also note that this was a SIST revocation hearing, not an initial proceeding under Mental Hygiene Law article 10, and that respondent stipulated that he had a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). We further conclude that petitioner established at the hearing by the requisite clear and convincing evidence that respondent is a dangerous

sex offender requiring confinement (*see* § 10.03 [e]; § 10.07 [f]).

Entered:  April 27, 2012                        Frances E. Cafarell
                                                Clerk of the Court